An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123

IN THE SUPREME COURT OF THE STATE OF NEVADA

LAMONT HOWARD, JR.,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 59039

FILED

FEB 08 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of sexual assault, two counts of first-degree kidnapping, attempted sexual assault, and two counts of battery with intent to commit sexual assault. Second Judicial District Court, Washoe County; Connie J. Steinheimer, Judge.

Appellant Lamont Howard's convictions stem from his conduct with two victims, Marilyn S. and Michele C. Howard appeals his convictions on the following grounds: (1) the district court abused its discretion by denying his pretrial motion to sever, (2) Washoe County's jury selection process violated his right to a venire selected from a fair cross section of the community, (3) the State failed to present sufficient evidence to support each of his convictions, (4) his convictions for sexual assault and battery with intent to commit sexual assault violated the Double Jeopardy Clause, (5) the district court abused its discretion by admitting testimony from a possible third victim, (6) the prosecution engaged in misconduct warranting reversal of his convictions; (7) the district court provided the jury with improper instructions; and

SUPREME COURT
OF
NEVADA

(O) 1947A

13-03850

(8) cumulative error.[1]  Because we conclude that no error occurred in this case, we affirm the judgment of conviction.[2]

## The district court did not abuse its discretion by denying Howard's pretrial motion to sever

Howard argues that the district court's denial of his motion to sever constituted an abuse of discretion.  He contends that he should have been permitted to sever the charges into separate trials for each victim because by admitting evidence that Michele jumped out of a moving vehicle, the State's case regarding Marilyn's allegations was bolstered.

---

[1]Howard also contends that the mandatory sentencing structure under NRS 200.366 constitutes cruel and unusual punishment and, thus, violates his Eighth Amendment right.  However, Howard fails to cite any legal authority to support his argument that a mandatory sentence for sexual assault violates the Eighth Amendment.  The United States Supreme Court has held that "[t]here can be no serious contention . . . that a sentence which is not otherwise cruel and unusual becomes so simply because it is 'mandatory.'"  Harmelin v. Michigan, 501 U.S. 957, 995 (1991).  Howard also fails to cite any legal authority to support his argument that a life sentence for sexual assault violates the Eighth Amendment, especially where, as with Howard, the life sentence allows for parole.  See Graham v. Florida, ___ U.S. ___, 130 S. Ct. 2011, 2034 (2010) ("The [Eighth Amendment] prohibits the imposition of a life without parole sentence on a juvenile offender who did not commit homicide.").  Thus, this argument is without merit.

Howard further argues that his trial counsel provided ineffective assistance in violation of the Sixth Amendment.  This argument is improperly raised for the first time on appeal, and therefore we will not consider it.  See Pellegrini v. State, 117 Nev. 860, 882, 34 P.3d 519, 534 (2001) (holding that "[i]neffective assistance of counsel claims are properly raised for the first time in a timely . . . post-conviction petition.").

[2]As the parties are familiar with the facts and procedural history of this case, we do not recount them further except as necessary for our disposition.

"Decisions to join or sever are left to the discretion of the trial court and will not be reversed absent an abuse of discretion." Tabish v. State, 119 Nev. 293, 302, 72 P.3d 584, 589-90 (2003). Pursuant to NRS 173.115, "[t]wo or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged . . . are . . . [b]ased on two or more acts or transactions connected together or constituting parts of a common scheme or plan."

Here, the proximity in time and space of the charges against Howard demonstrate Howard's common plan to drive around in his car, get women to enter the car, and then sexually assault them. Thus, the district court did not abuse its discretion by denying Howard's motion to sever.

Howard's Sixth Amendment right to a venire selected from a fair cross section of the community was not violated

Howard asserts that the Washoe County jury selection process provided an unconstitutional jury venire because his venire panel contained no African-American persons and only two Hispanic persons. Howard generally contends that Washoe County's use of voter registration information and Department of Motor Vehicle information for purposes of pooling prospective jury candidates amounts to an inadequate representation of Hispanic and African American jurors, and, thus, he should be granted a new trial.

"The Sixth Amendment does not guarantee a jury or even a venire that is a perfect cross section of the community." Williams v. State, 121 Nev. 934, 939, 125 P.3d 627, 631 (2005). This court has held that "as long as the jury selection process is designed to select jurors from a fair cross section of the community, then random variations that produce venires without a specific class of persons or with an abundance of that

class are permissible." Id. at 940, 125 P.3d at 631. To show that his right to a fair cross section has been violated, a defendant must demonstrate:

> "'(1) that the group alleged to be excluded is a '"distinctive"' group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process.'"

Id. (quoting Evans v. State, 112 Nev. 1172, 1186, 926 P.2d 265, 275 (1996) (quoting Duren v. Missouri, 439 U.S. 357, 364 (1979)) (emphases omitted).

Here, Howard fails to cite to any evidence in the record to support his allegation that African Americans and Hispanics are underrepresented due to systematic exclusion. "'Contentions unsupported by specific argument or authority should be summarily rejected on appeal.'" Rhyne v. State, 118 Nev. 1, 13, 38 P.3d 163, 171 (2002) (quoting Mazzan v. Warden, 116 Nev. 48, 75, 993 P.2d 25, 42 (2000)). Moreover, his argument mainly addresses the small portion of the venire making up the prospective jury panel at his own trial, not the entire venire. Because we conclude that Howard's argument falls short of demonstrating systematic exclusion, Howard has failed to show that his right to a venire selected from a fair cross section of the community was violated.

Howard's convictions were supported by sufficient evidence

Howard argues that his convictions should be set aside because the State failed to present sufficient evidence to sustain each of the crimes charged. We disagree.

"The Due Process Clause of the United States Constitution requires that an accused may not be convicted unless each fact necessary to constitute the crime with which he is charged has been proven beyond a

reasonable doubt." Rose v. State, 123 Nev. 194, 202, 163 P.3d 408, 414 (2007). In determining if a jury's verdict met due process requirements we examine the sufficiency of the evidence. Vega v. State, 126 Nev. ___, ___, 236 P.3d 632, 639 (2010). The evidence is reviewed in the light most favorable to the prosecution, and this court determines whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Rose, 123 Nev. at 202, 163 P.3d at 414 (internal quotations omitted). Substantial evidence supporting a jury's verdict will not be disturbed on appeal. Vega, 126 Nev. at ___, 236 P.3d at 639.

As to count I, Howard was convicted of sexual assault involving Marilyn. "A person who subjects another person to sexual penetration . . . against the will of the victim . . . is guilty of sexual assault." NRS 200.366(1). Marilyn testified that Howard forced her to engage in fellatio against her will while they sat in his car. It is well settled that no corroboration is needed to support the testimony of a sexual assault victim, and that the victim's testimony alone can be sufficient to uphold a sexual assault conviction. See Vega, 126 Nev. at ___, 236 P.3d at 639. Viewing Marilyn's testimony in the light most favorable to the prosecution, we conclude that a rational trier of fact could have found Howard guilty of count I beyond a reasonable doubt.

As to counts II and IV, Howard was convicted of kidnapping in the first degree as to both Marilyn and Michele. "A person who willfully seizes, confines, inveigles, entices, decoys, abducts, conceals, kidnaps or carries away a person by any means whatsoever with the intent to hold . . . the person . . . for the purpose of committing sexual assault . . . is guilty of kidnapping in the first degree." NRS 200.310(1). Marilyn

testified that Howard forced her into his car against her will, drove her from a store parking lot to the alley behind a gas station, and sexually assaulted her.[3] Michele testified that Howard enticed her into his car, refused to follow her directions, refused to allow her to exit the car, began making sexually explicit comments to her, and attempted to sexually assault her while the car was in motion. Viewing the testimony of both women in the light most favorable to the prosecution, we conclude that a rational trier of fact could have found Howard guilty of counts II and IV beyond a reasonable doubt.

In count III, Howard was convicted of attempted sexual assault involving Michele. "An act done with the intent to commit a crime, and tending but failing to accomplish it, is an attempt to commit that crime." NRS 193.330(1); see also NRS 200.366(1). Michele testified that Howard refused to allow her to exit his car, and, while driving the car, Howard grabbed her hair and forced her head into his lap after having made sexually explicit comments to her. Michele further testified that she jumped from his moving vehicle to avoid being sexually assaulted. Viewing Michele's testimony in the light most favorable to the prosecution, we conclude that a rational trier of fact could have found Howard guilty of count III beyond a reasonable doubt.

As to counts V and VI, Howard was convicted of battery with intent to commit sexual assault as to both Marilyn and Michele. "'Battery'

---

[3]Although Howard attacked Marilyn's credibility based on her recollection of events, the absence of DNA evidence, and the lack of injuries to her person, this court has held that weight and credibility matters are reserved for the trier of fact to determine. See Ybarra v. State, 127 Nev. ___, ___, 247 P.3d 269, 277 (2011).

means any willful and unlawful use of force or violence upon the person of another." NRS 200.400(1)(a). Special sentencing provisions exist where the battery is committed with the intent to commit sexual assault. NRS 200.400(4); see also NRS 200.366(1). Both Marilyn and Michele testified that Howard pulled their hair to force compliance with his commands to perform fellatio. Both also testified that he used physical force to prevent them from exiting his car. The intent of Howard to commit sexual assault could have been inferred by the jury from the fact that his movements forced each woman's face into his pelvic area. Therefore, viewing Marilyn's and Michele's testimony in the light most favorable to the prosecution, we conclude that a rational trier of fact could have found Howard guilty of counts V and VI beyond a reasonable doubt.

There was no violation of the Double Jeopardy Clause

Howard asserts that his convictions for count I (sexual assault) and count V (battery with intent to commit sexual assault) arose from the single act of grabbing Marilyn's hair and putting his penis in her mouth. He also asserts that his convictions for count III (attempted sexual assault) and count VI (battery with intent to commit sexual assault) arose from the single act of grabbing Michele's hair and forcing her head into his lap. Thus, Howard argues that his convictions for both sexual assault and battery with intent to commit sexual assault are redundant and violate the Double Jeopardy Clause's prohibition against multiple punishments for the same offense. We disagree.

"A claim that a conviction violates the Double Jeopardy Clause generally is subject to de novo review on appeal." Davidson v. State, 124 Nev. 892, 896, 192 P.3d 1185, 1189 (2008).

The Double Jeopardy Clause "protects defendants from multiple punishments for the same offense." Williams v. State, 118 Nev.

536, 548, 50 P.3d 1116, 1124 (2002). To determine whether multiple convictions for the same act violate a defendant's double jeopardy rights, we examine the statutory language of each offense. Missouri v. Hunter, 459 U.S. 359, 366 (1983) ("[T]he Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended."). To facilitate this determination, Nevada operates under the test set forth in Blockburger v. United States, 284 U.S. 299, 304 (1932). See Estes v. State, 122 Nev. 1123, 1143, 146 P.3d 1114, 1127 (2006). "Under this test, two offenses are separate if each offense requires proof of a fact that the other does not." Id.

Battery with intent to commit sexual assault includes a specific intent element and does not include the element of penetration, whereas sexual assault does not include the element of intent but does include the element of penetration. NRS 200.366; NRS 200.400. The statutory language does not reflect that the Legislature has precluded punishment for both offenses and each offense includes at least one element that the other does not. Thus, we conclude that sexual assault and battery with intent to commit sexual assault are not redundant. See Jackson v. State, 128 Nev. ___, ___, ___ P.3d ___, ___ (Adv. Op. No. 55 at 17, December 6, 2012). See also Estes, 122 Nev. at 1142-43, 146 P.3d at 1127-28. Therefore, the Double Jeopardy Clause does not prohibit convictions for counts V and VI.

The district court did not abuse its discretion by admitting prior bad act evidence

Howard argues that the district court committed prejudicial error by admitting testimony from a woman who was allegedly verbally harassed by him in July 2010 while she was walking around Virginia Lake. Howard contends that this testimony amounted to prior bad act

evidence and insists that the jury's ability to perceive the inconsistencies in the statements made by Marilyn and Michele was reduced by the admission of this bad act evidence.

"[T]he trial court's determination to admit or exclude evidence is given great deference and will not be reversed absent manifest error." Baltazar-Monterrosa v. State, 122 Nev. 606, 613-14, 137 P.3d 1137, 1142 (2006). A district court's nonconstitutional error in admitting prior bad act evidence is reviewed under a harmless error standard. Tavares v. State, 117 Nev. 725, 731-32, 30 P.3d 1128, 1132 (2001).

This court has held that all prior bad act evidence carries a presumption of inadmissibility. Ledbetter v. State, 122 Nev. 252, 259, 129 P.3d 671, 677 (2006) (internal quotations omitted). To overcome this presumption, the district court must conduct a hearing outside the presence of the jury and determine: (1) if the prior act is relevant to the crime charged and sought to be admitted for a purpose other than to prove propensity, (2) if the act is proven by clear and convincing evidence, and (3) if the danger of unfair prejudice substantially outweighs the evidence's probative value. Bigpond v. State, 128 Nev. ___, ___, 270 P.3d 1244, 1250 (2012).

Here, the State filed a pretrial motion to admit the testimony of the woman walking around Virginia Lake. At a hearing outside the presence of the jury, the district court initially denied the motion, reasoning that the prejudicial effect of such testimony outweighed its probative value as evidence of a common plan. See NRS 48.035(1). However, the district court noted that the proposed testimony may be admissible as rebuttal evidence under other exceptions "depending on . . . what [c]ounsel argues in the cross-examination of the witnesses."

During defense counsel's opening statement, she remarked that Howard's intention was to have "fun" with Marilyn and Michele, and that he believed both women were just having fun as well. In addition, defense counsel asserted that Howard met both women in an area with a high level of prostitution. During trial, defense counsel questioned Detective Zachary Doser as follows:

> Q[:] Is picking up a prostitute in Washoe County a crime, or in the city of Reno?
>
> A[:] Yes. It's against the law.
>
> Q[] Okay. So if you were accusing somebody of picking up a prostitute, they might deny it?

Based on defense counsel's opening statement and the line of questioning posed to Detective Doser, the State renewed its pretrial motion outside the presence of the jury, arguing that Howard had opened the door for the State to use the proposed testimony to rebut Howard's claim that he mistook Marilyn and Michele to be prostitutes. The district court concluded that the proposed testimony was admissible as rebuttal evidence of Howard's intent or absence of mistake.

We conclude that the district court properly admitted the Virginia Lake witness's testimony as prior bad act evidence pursuant to NRS 48.045(2) ("Evidence of other . . . acts . . . may . . . be admissible for other purposes, such as . . . intent . . . or absence of mistake."). Although Howard did not expressly proffer a defense of mistake, defense counsel's opening remarks and questions posed to Detective Doser concerning prostitution implied that Howard either intended to solicit a prostitute or mistakenly thought Marilyn and Michele were prostitutes. The proposed testimony was relevant to rebut the implication that Howard only made sexually explicit comments to prostitutes, as the Virginia Lake witness

testified that she was visibly pregnant and had her toddler daughter with her the day Howard verbally harassed her.[4]   Thus, as to intent and absence of mistake, the "probative value [of the evidence was] not substantially outweighed by the danger of unfair prejudice."   See Ledbetter, 122 Nev. at 259, 129 P.3d at 677.

Moreover, even if the district court erroneously admitted the proposed testimony, the admission would amount to harmless error, since both Marilyn and Michele provided sufficient credible evidence to support Howard's convictions.

The State did not engage in prosecutorial misconduct

Howard argues that the prosecutor engaged in misconduct by making numerous prejudicial comments during the State's closing argument.   He also argues that when the district court sustained his objections, it failed to issue curative instructions.

Some of the alleged prosecutorial misconduct that Howard challenges on appeal was not objected to at trial.[5]   Generally, failure to object precludes appellate review unless the error is plain error.   Valdez v.

---

[4]In addition, the district court properly instructed the jury on the limited purpose of the evidence.

[5]The unobjected-to comments that Howard now asserts amounted to prosecutorial misconduct occurred when the prosecutor: (1) characterized the defense as a lie, (2) rendered personal opinions to the jury, (3) reduced the burden of proof on the charge of battery with intent to commit sexual assault by advising the jury that the element of touching could be slight and failing to advise the jury that the sexual assault charge had to involve separate contact, (4) asked the jury to put themselves in the place of the victim when describing Michele's state of mind prior to meeting Howard, and (5) vouched for Marilyn by dismissing her inconsistent behavior on the stand as a consequence of her impaired mental health.

State, 124 Nev. 1172, 1190, 196 P.3d 465, 477 (2008). Under plain error review, reversal is not warranted unless "the defendant demonstrates that the error affected his or her substantial rights, by causing actual prejudice or a miscarriage of justice. Id. (internal quotations omitted). Howard has failed to demonstrate how the unobjected-to comments substantially prejudiced him or caused a miscarriage of justice. Since these particular comments do not constitute plain error, reversal is not warranted.

Howard also contests three separate, objected-to comments made by the prosecution. Errors properly preserved for appellate review are reviewed for harmless error. Id. Valdez states:

> The proper standard of harmless-error review depends on whether the prosecutorial misconduct is of a constitutional dimension. If the error is of constitutional dimension, then we . . . will reverse unless the State demonstrates, beyond a reasonable doubt, that the error did not contribute to the verdict. If the error is not of constitutional dimension, we will reverse only if the error substantially affects the jury's verdict.

Id. at 1188-89, 196 P.3d at 476 (footnotes omitted).

Howard first asserts that the prosecutor improperly commented that Marilyn did not like being a witness and telling her story. We conclude that this statement was a fair comment on the evidence because the prosecutor was pointing out Marilyn's demeanor as a witness, rather than asserting a personal belief. A prosecutor is allowed to express opinions and beliefs during closing argument so long as the statements made are fair comments on the evidence presented to the jury. Domingues v. State, 112 Nev. 683, 696, 917 P.2d 1364, 1373 (1996).

Howard next asserts that the prosecutor improperly vouched for Marilyn's testimony when she made the following statement:

> Now, the idea that Marilyn said, Well, he
> just stood there in the doorway, and Mr. Verma
> said, Well, he was sort of beckoning her and
> saying rude things, Marilyn can't remember a lot
> of what he said. I—I asked her—

"Vouching may occur in two ways: the prosecution may place the prestige of the government behind the witness or may indicate that information not presented to the jury supports the witness's testimony." Lisle v. State, 113 Nev. 540, 553, 937 P.2d 473, 481 (1997) (internal quotations omitted). It is unclear from Howard's argument what part of the prosecutor's comment he believes amounted to vouching. Assuming he meant to concentrate on the phrase "Marilyn can't remember a lot of what he said," this is also a fair comment on the evidence and not tantamount to vouching. Further, even if it were somehow vouching, in light of the overwhelming evidence supporting Howard's conviction, we conclude that this statement did not "substantially affect[ ] the jury's verdict." See Valdez, 124 Nev. at 1189, 196 P.3d at 476.

Finally, Howard asserts that the prosecutor speculated as to facts not in evidence when she commented that he may have cleaned his car and showered before his arrest. A prosecutor has the right to comment on testimony, to ask a jury to draw inferences from the evidence presented, and to state fully his or her views on what the evidence shows. State v. Green, 81 Nev. 173, 176, 400 P.2d 766, 767 (1965). At trial, testimony was elicited from police officers that Howard was arrested later in the evening as opposed to right after the attacks on Marilyn and Michele. There exists then a reasonable inference that the defendant had enough time to clean up, and therefore, the prosecutor was drawing reasonable inferences for the jury. Nonetheless, even if this were not fair comment, it would amount to harmless error because the district court

issued a curative instruction to the jury following Howard's objection to the comment. See Leonard v. State, 117 Nev. 53, 66, 17 P.3d 397, 405 (2001) ("'A jury is presumed to follow its instructions.'" (quoting Weeks v. Angelone, 528 U.S. 225, 234 (2000))).

Therefore, because none of the prosecutor's objected-to comments were improper or amounted to harmful error that substantially affected the jury's verdict, we conclude that reversal is not warranted on this issue.

The district court properly instructed the jury

Howard argues that the district court erred by: (1) failing to properly instruct the jury on the lesser-included offense of false imprisonment along with the kidnapping instruction, and (2) failing to properly instruct the jury on the specific intent element of attempted sexual assault. We disagree.

"The district court has broad discretion to settle jury instructions, and this court reviews the district court's decision for an abuse of that discretion or judicial error." Crawford v. State, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005). When not requested by either party, a jury the instruction is mandatory "if there is evidence which would absolve the defendant from guilt of the greater offense . . . but would support a finding of guilt of the lesser offense." Rosas v. State, 122 Nev. 1258, 1264-65 n.9, 147 P.3d 1101, 1106 n.9 (2006) (alteration in original) (internal quotations omitted).

Regarding the kidnapping instruction, Howard fails to cite to any evidence in the record that would trigger the district court's mandatory instruction duty under Rosas. Rather, he simply argues that the evidence presented at trial supported the lesser-included offense of false imprisonment because the kidnapping was incidental to the sexual

assault and attempted sexual assault. Thus, we conclude that the district court did not err by failing to instruct the jury on the lesser-included offense of false imprisonment.

Concerning the attempted sexual assault instructions, Howard did not object to the proffered attempted sexual assault instruction, nor did he request a separate instruction. "Generally, the failure to clearly object on the record to a jury instruction precludes appellate review. However, this court has the discretion to address an error if it was plain and affected the defendant's substantial rights." Green v. State, 119 Nev. 542, 545, 80 P.3d 93, 95 (2003) (internal quotations omitted). Here, the record reflects that the attempted sexual assault instruction properly instructed the jury on the correct statement of law. Furthermore, not only did Howard fail to object to the instruction, but he also failed to object during the State's closing argument when it explained the intent element to the jury. Therefore, we perceive no error and we reject Howard's argument on this issue.

Accordingly, because the district court did not abuse its discretion or commit judicial error when settling jury instructions, we conclude that reversal is not warranted.

Cumulative error

Howard argues that cumulative error warrants reversal of his convictions. This court will not reverse a conviction based on cumulative error unless a defendant's constitutional right to a fair trial was violated. Rose v. State, 123 Nev. 194, 211, 163 P.3d 408, 419 (2007). In examining whether cumulative error warrants reversal, this court considers: "(1) whether the issue of guilt is close, (2) the quantity and character of the error, and (3) the gravity of the crime charged." Id. (internal quotations omitted). Though certainly the defendant's convictions are for serious

crimes, we do not believe this to be a close case where a finding of not guilty was likely absent the few errors Howard claims. Thus, we conclude there were no errors to cumulate and no relief is warranted.

Having considered Howard's contentions and concluded that they do not warrant reversal, we

ORDER the judgment of the district court AFFIRMED.


_____, C.J.
Pickering


_____, J.
Hardesty


_____, J.
Saitta


cc:    Hon. Connie J. Steinheimer, District Judge
       Karla K. Butko
       Attorney General/Carson City
       Washoe County District Attorney
       Washoe District Court Clerk